**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1324
_____

ADRIAN MARK JARRETT,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A039-746-263)
Immigration Judge:  Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 20, 2012
Before:  JORDAN, HARDIMAN and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed August 21,2012)
_____

OPINION
_____

PER CURIAM

        Adrian Mark Jarrett petitions for review of a final order of removal.  For the

following reasons, we will deny the petition for review.

        Jarrett, a citizen of Jamaica, was admitted into the United States as a lawful

permanent resident in 1985.  In 1993, he pleaded guilty in the New Jersey Superior Court,

Middlesex County, to the distribution of cocaine in violation of N.J. Stat. Ann. § 2C:35-5(b)(3). In 2005, he was convicted by a jury in the New Jersey Superior Court, Somerset County, for possession of PCP in violation of N.J. Stat. Ann. § 2C:35-10(a)(1). He was placed in removal proceedings pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony and INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), as an alien convicted of a controlled substance violation. Jarrett admitted to his convictions, and applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Jarrett and his father testified at a hearing before an Immigration Judge ("IJ"). Jarrett's father testified that he had owned a minibus business. He stated that his business competitors, who had ties to the Jamaican police, continuously harassed him and in 1982, he was beaten by the police. As a result of the harassment, Jarrett's father left Jamaica, and eventually sold his business. Jarrett testified that one day, when he was nine, the bus he was riding broke down. His father's business competitors came to pick up a couple of kids, but one of the competitors looked at him "like he wanted to hurt [him]." Jarrett was not allowed on the competitor's bus and had to walk home. Jarrett testified that after that incident, "nothing else really happened." Jarrett also testified that he had returned to Jamaica around 1986 with his mother and siblings, and no one was harmed. Jarrett's father testified that he had returned to Jamaica around five times without experiencing any harassment. Nevertheless, Jarrett stated that he fears that the minibus competitors

2

and police who had harassed his father will harm him if he returns to Jamaica. He also believed that he would be mistreated as a deportee and because he is "Americanized."

The IJ found Jarrett removable as charged. The IJ determined that Jarrett's 1993 conviction was an aggravated felony, and therefore Jarrett was ineligible for asylum. She also determined that the conviction was presumptively a "particularly serious crime," and therefore denied withholding of removal under INA § 241(b)(3)(B), 8 U.S.C. § 1231(b)(3)(B) and the CAT. Finally, she denied Jarrett's request for deferral of removal under the CAT. Jarrett appealed, arguing that he qualified for CAT relief, and for the first time claimed that he was as a supporter of "RPG," which he described as a targeted group. The Board of Immigration Appeals ("BIA" or "Board") affirmed the denial of asylum and withholding of removal, noting that Jarrett did not contest that he was convicted of an aggravated felony that also qualifies a particularly serious crime. The Board also affirmed the denial of deferral of removal under the CAT, agreeing with the IJ that he had not established a clear probability of torture based on his and his father's experiences in Jamaica, or as an Americanized Jamaican, deportee, or supporter of "RPG."

Jarrett filed a pro se petition for review. He argues that he was not convicted of an aggravated felony, that counsel was ineffective for failing to inform him of the immigration consequences of pleading guilty, that an aggravated felony conviction does not bar him from asylum relief, and that he qualifies for relief under the CAT. The

3

Government has filed a motion to dismiss for lack of jurisdiction, which a motions panel referred to this merits panel.

We have jurisdiction to review a final order of removal pursuant to INA § 242(a), 8 U.S.C. § 1252(a). We, however, lack jurisdiction to review Jarrett's claims that he was not convicted of an aggravated felony,[1] that counsel was ineffective for failing to inform him of the immigration consequences of pleading guilty, and that an aggravated felony conviction does not bar him from asylum relief, because he failed to exhaust his administrative remedies as to these claims. Prior to seeking review in this Court, an alien must "exhaust[ ] all administrative remedies available to the alien as of right." INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). This requires an alien to raise each claim or ground for relief in his appeal to the Board. Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003). Jarrett raised only the issue of whether he qualified for CAT relief before the BIA. Therefore, these claims are not properly before us.

Because Jarrett was convicted of an aggravated felony and controlled substance violation, our jurisdiction is limited to constitutional claims and questions of law. INA § 242(a)(2)(C), (D); 8 U.S.C. § 1252(a)(2)(C), (D). Thus, to the extent that Jarrett argues that the BIA erred in determining "what is likely to happen to the [him] if removed[,]" we

---

[1]Jarrett argues specifically that his conviction for possession with intent to distribute a controlled dangerous substance near a school in violation of N.J. Stat. Ann. § 2C:35-7 does not constitute an aggravated felony. Assuming he was convicted of that offense (which is not clear from the record, A.R. 199), he also failed to exhaust this claim.

4

cannot review this claim. See Kaplun v. Att'y Gen., 602 F.3d 260, 271 (3d Cir. 2010). To the extent, however, that Jarrett challenges the BIA's application of the law governing CAT protection to the undisputed facts of record, we have jurisdiction to review the claim, Toussaint v. Att'y Gen., 455 F.3d 409, 412 n.3 (3d Cir. 2006), and will reject it on the merits. The facts concerning what is likely to happen to Jarrett, as determined by the Board, do not establish that it is more likely than not that he will be tortured if removed to Jamaica. See 8 C.F.R. § 1208.16(c)(2). The BIA determined that the harassment Jarrett's father experienced from former competitors and police and the incident in which one of Jarrett's father's competitors looked at him "like he wanted to hurt [Jarrett]" were remote, and noted that Jarrett and his father have returned to Jamaica without experiencing any harm. The Board also noted that the record does not indicate that members of "RPG," deportees, or "Americanized" Jamaicans have been or would be targeted. Thus, we conclude that the BIA properly determined that the evidence Jarrett presented about what is likely to happen to him if removed to Jamaica did not meet the legal definition of torture. See Kaplun, 602 F.3d at 271.

Accordingly, we will deny the petition for review. The Government's motion to dismiss is denied.

5